THE TRADERS BANK OF KIRWIN, KANSAS, v. THE
FIRST NATIONAL BANK OF KIRWIN, KANSAS, *et al.*

No. 132.

QUESTION OF FACT—*whether store furnishings part of realty is.*
The question as to whether or not the counters, shelving, drawers,
and a prescription case in a drug store, are a part of the real es-
tate or remain personal property, is largely a question of fact; and
having been determined by the trial court upon the evidence, its
findings thereon will not be disturbed by this court.

Error from Phillips District Court. Hon. G. Webb
Bertram, Judge. Opinion filed November 5, 1897.
*Affirmed.*

*Webb McNall* and *W. A. Lindsay,* for plaintiff in error.

*W. C. Don Carlos, C. A. Lewis* and *W. H. Pratt,* for
defendants in error.

WELLS, J. The question in this case is, Are cer-
tain articles of property described in the plaintiff's
petition and consisting of counters, shelving, drawers,
and a prescription case, located in a certain build-
ing formerly used as a drug-store, in Kirwin, Kan.,
personal property, or a part of the real estate upon
which they were placed and used? In cases of this
kind, the intent of the party in placing the property
in the building is a material question in determining
whether it became a part of the realty or not. *Shoe-
maker v. Simpson,* 16 Kan. 43; *Eaves v. Estes,* 10 id.
314; *A. T. & S. F. Rld. Co. v. Morgan,* 42 id. 23;
*Winslow v. Bromich,* 54 id. 300. Intent, purpose or
design is a question of fact. 19 Am. & Eng. Encyc.
of Law, 657.

Whether the property in controversy in this case
became a part of the realty or not, is largely a ques-
tion of fact, upon which the court below was author-

ized by the evidence to find as it did; and under the well-established practice of our Supreme Court, such finding will not be disturbed by a reviewing court.

The judgment of the court below will be affirmed.